IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RADNOR HOLDINGS CORPORATION, et al., | ) | Bankr. No. 06-10894-PJW |
| | ) | Jointly Administered |
| Debtors. | ) | |

| | | |
|---|---|---|
| MICHAEL T. KENNEDY, | ) | |
| | ) | |
| Appellant, | ) | Civ. No. 13-1398-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, | ) | |
| | ) | |
| Appellee. | ) | |

Michael T. Kennedy, Bearsville, New York. Pro se Appellant.

Mark S. Chehi and Jason M. Liberi, Esquires, Skadden, Arps, Slate, Meagher & Flom, Wilmington, Delaware. Counsel for Appellee.

**MEMORANDUM OPINION**

Dated: August 13, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Appellant Michael T. Kennedy ("appellant") filed this bankruptcy appeal on August 7, 2013. (D.I. 1) At the time, he was represented by counsel, but now appears *pro se*. The appeal arises from an order entered by the bankruptcy court on June 20, 2013, that overruled an objection by appellant to Skadden, Arps, Slate, Meagher & Flom, LLP's ("Skadden") final fee application and that granted appellee's final fee application. The court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a).

## II. BACKGROUND

On August 21, 2006, Radnor Holdings Corporation ("Radnor") and numerous related subsidiaries ("debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. On August 25, 2006, debtors, as debtors-in-possession, applied to the bankruptcy court (the "Skadden retention application") for an order authorizing debtors to retain Skadden as their bankruptcy counsel, effective as of the petition date, pursuant to an engagement agreement dated July 5, 2006. (Bankr. No. 06-10894-PJW, D.I. 96). The retention application was opposed, pre-retention disclosures were provided to the bankruptcy court, and a contested hearing was held on September 20, 2006. (*Id.* at D.I. 169, 223, 298) On September 21, 2006, the bankruptcy court authorized the employment of Skadden as counsel to debtors and debtors-in-possession. (*Id.* at D.I. 246)

On November 18, 2012, Skadden filed its final fee application for compensation for services rendered and reimbursement of expenses as counsel to debtors for the

period from August 21, 2006 through and including September 28, 2012. (*Id.* at D.I. 1989) On December 26, 2012 appellant filed an objection to the fee application.[1] (*Id.* at D.I. 1993) An evidentiary hearing was held on May 1 and 2, 2013, followed by post-hearing briefing by the parties. (*Id.* at 2053, 2063, 2068, 2073) On June 20, 2013, the bankruptcy court entered a memorandum opinion and order granting the final fee application. (*Id.* at D.I. 2076) The memorandum opinion and order is the subject of this appeal.

## III. STANDARD OF REVIEW

In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." Fed. R. Bankr. P. 8013.

With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s]

---

[1] The objection was combined with a motion to set aside the November 1, 2006 sale order and sought other relief. (*Id.*)

'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a *de novo* basis bankruptcy court opinions. *See In re Hechinger Inv. Co. of Delaware*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup, Inc.*, 281 F.3d 133, 136 (3d Cir. 2002).

## IV. ISSUES RAISED ON APPEAL

Appellant raises the following issues for review (D.I. 2):

(1) whether the bankruptcy court committed error in granting Skadden's final fee application despite Skadden's failure as counsel to debtors to accurately and fully disclose direct investments by Skadden partners in the senior secured creditors to debtor, Tennenbaum funds, controlled affiliates of Tennenbaum Capital Partners, LLC;

(2) whether the bankruptcy court committed error in granting Skadden's final fee application despite Skadden's failure to fully disclose its ongoing representation of Tennenbaum funds;

(3) whether the bankruptcy court committed error in granting Skadden's final fee application despite refusing to require Skadden to disclose the dollar amount of attorney's fees paid by Tennenbaum to Skadden as well as the amounts and character of the equity investments by Skadden partners in Tennenbaum funds; and

(4) whether the bankruptcy court committed error in adopting findings of fact and conclusions of law, prior to discovery being conducted, affecting the related adversary case, *Radnor Holdings Corp. v. Skadden, Arps, Slate, Meagher & Flom LLP*, Adv. No. 12-51308-PJW (Bankr. D. Del.).

## V. DISCUSSION

"A debtor in possession . . . may, with bankruptcy court approval, employ one or more attorneys to represent it and to assist it in fulfilling its duties." *In re Pillowtex, Inc.*, 304 F.3d 246, 250 (3d Cir. 2002) (citing 11 U.S.C. § 327). "[T]he power of a debtor in possession to employ . . . professionals is the same as that of a trustee. The extent of this power is specified by Section 327(a) . . . ." *U.S. Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994) (citations omitted). Section 327(a) provides that a court may approve the employment of attorneys only if they "do not hold or represent an interest adverse to the estate" and they are "disinterested persons." 11 U.S.C. § 327(a). These two prohibitions on employment set forth two separate standards for disqualification. *Pillowtex*, 304 F.3d at 252 n.4. The first prohibits attorneys from holding or representing any "interest adverse to the estate." *Id.* The second prohibits attorneys who are not disinterested from providing representation. *Id.* As defined by the Bankruptcy Code, attorneys are disinterested if they "do[ ] not have an interest materially adverse to the interest of . . . any class of creditors or equity holders . . . ." 11 U.S.C. § 101(14)(C); *see Pillowtex*, 304 F.3d at 252 n.4. "Thus, a professional may not have any conflict with the estate, while a conflict with creditors must be 'material.' " *Pillowtex*, 304 F.3d at 252 n.4.

The Court of Appeals for the Third Circuit has interpreted § 327(a) "to impose[ ] a per se disqualification . . . of any attorney who has an actual conflict of interest;" to permit a court to exercise "its discretion . . . [to] disqualify an attorney who has a potential conflict of interest;" and to forbid a court from "disqualify[ing] an attorney on the appearance of conflict alone." *In re Marvel Entertainment Group, Inc.*, 140 F.3d

463, 476 (3d Cir. 1998). While the term "actual conflict of interest" has not been defined in the Code, the Third Circuit has explained that "a conflict is actual, and hence per se disqualifying, if it is likely that a professional will be placed in a position permitting it to favor one interest over an impermissibly conflicting interest." *Pillowtex*, 304 F.3d at 251. "Courts have been accorded considerable latitude in using their judgment and discretion in determining whether an actual conflict exists in light of the particular facts of each case." *In re BH & P, Inc.*, 949 F.2d 1300, 1315 (3d Cir. 1991) (internal quotation marks omitted). Although a court may initially authorize the employment of counsel, it must disqualify counsel upon learning of an actual conflict, and it may exercise its discretion to remove counsel if there is a potential conflict. *See id.* at 1314-17.

Section 330(a) (1) of the Bankruptcy Code provides that a court may award to a professional person reasonable compensation "[a]fter notice to the parties in interest and the United States Trustee and a hearing." 11 U.S.C. § 330(a)(1). When a bankruptcy court orders a hearing on a fee application, in addition to considering the fee application itself, "the court should carefully consider relevant, competent evidence submitted with the fee application, provided as a supplement to the fee application, or presented at a hearing." *In re Busy Beaver Bldg. Centers*, 19 F.3d 833, 854 (3d Cir. 1994). "What evidence is 'relevant' and 'competent' will be determined by applying ordinary evidentiary rules, because with limited supplementation in the Bankruptcy Rules, '[t]he Federal Rules of Evidence . . . apply in cases under the Code.' *In re Grasso*, 2014 WL 3389119 (E.D. Pa. July 11, 2014) (quoting Fed. R. Bankr. P. 9017).

"[T]he court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 . . . if, at any time during such professional person's employment under section 327. . . , such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." 11 U.S.C. § 328(c).

### A. Disclosure

Appellant contends that the bankruptcy court erred in granting Skadden's final fee application because Skadden failed to accurately and fully disclose direct investments by its partners in Tennenbaum funds, Skadden failed to fully disclosure its ongoing representation of Tennenbaum funds, and the bankruptcy court refused to require Skadden to disclose the dollar amount of its attorney fees paid by Tennenbaum. Appellant argues that Skadden's disclosures were inadequate but, nonetheless, the bankruptcy granted the final fee application because it felt constrained by a prior ruling that granted Skadden's retention application.[2] Appellant contends that the appropriate

---

[2]Towards the end of the final fee application hearing when discussing post-hearing briefing, the bankruptcy judge stated, "[i]n putting this matter into context, I note that while the petition was filed on August 8th, the retention order was not entered until September 20th, and there's a couple observations that I want to make regarding this, even though I'm going to ask for post-trial briefing. In the U.S. Trustee's objection it noted . . . , a sale is anticipated to occur within 60 days of the filing, . . . . One of the reasons I note it in ruling on the motion was that [] throwing Skadden off the case two months into the case, and with all the pre-petition work they did I think could have resulted in chaos, and I note in the transcript, on page 44, I said, quote, I think it's going to be more of a nightmare if they're kicked out of the case at this late date given the activity that's gone on. And [] so I did consider the fact that it would be highly disruptive, if not a killer, to switch counsel in the middle of the case. I was influenced by the timing of this matter. And I must observe at this point that given the reason why I have authorized the retention I would be reluctant to deny Skadden's final request,

6

remedy was to deny allowance of compensation due to the inadequate disclosures.

In ruling on the final fee application, the bankruptcy court considered: (1) Skadden's three disclosure declarations (August 29, 2006, September 18, 2006, December 19, 2007); (2) that Skadden did not block or hinder the Trustee from investigating and objecting to debtors' retention of Skadden as their bankruptcy counsel; (3) disclosures made by then Skadden partner Gregg M. Galardi ("Galardi") at a September 20, 2006 hearing; (4) testimony elicited from Galardi and appellant during the May 1 and 2, 2013 final fee hearing; (5) exhibits submitted during the May 2013 hearing, including a full waiver from Tennenbaum of any conflicts posed by Skadden's representation of debtors; (5) evidence of the percentage of billable hours, percentage of revenue and nature of legal work Skadden had performed for Tennenbaum;[3] and (6) exhibits submitted by appellant in opposition to the final fee application.

The bankruptcy court gave no weight to certain testimony provided by appellant, found appellant lacked credibility with regard to other testimony, and found that

---

given the fact that they were in the case because of my authorization . . . . I'm not going to comment further on the evidence, but I do find that [] at this late date this is an unusual request. But I think -- I'll stop observing on the evidence and just simply say I want post-trial briefs, and we'll open with the Kennedy post-trial brief as to why the retention order should be rescinded, and then we'll have a response by Tennenbaum and Skadden, and a reply by Kennedy, and I'm open to suggestions as to when they should be filed. . . . I mis-stated. It's a motion to disallow final fee authorization. But I think that the opening briefs should come from Mr. Kennedy." (Bankr. No. 06-10894-PJW, D.I. 2063 at 59-60)

[3]During the September 20, 2006 Skadden retention application hearing, the bankruptcy court discussed a disclosure method he adopted with regard to fees and large firms that appear frequently and who represent the debtor as well as creditors, stating, "[a]nd that's why many years ago I adopted the policy of trying to find out the significance of those creditors to that law firm's clientele, and thus developed the idea of counsel representing to the court the percentage of their business derived from particular creditors of the debtor." (Bankr. No. 06-10894-PJW, D.I. 298 at 55)

7

appellant made numerous assertions devoid of specific facts to support his position. The bankruptcy court reaffirmed that the percentage of Skadden's revenues attributed to Tennenbaum and its affiliates was not a material percentage. It concluded that Tennenbaum was not a significant client of Skadden, that Skadden's revenue derived from Tennenbaum was not significant, that the Skadden-Tennenbaum relationships presented no improprieties, and that it was not concerned that Skadden may be influenced in any fashion not to engage in the best representation of the debtor. Finally, the bankruptcy court concluded that Skadden's pre-retention disclosures and other disclosures made in connection with Skadden's retention as bankruptcy counsel, including Skadden's disclosures with respect to Tennenbaum, were adequate and sufficient.

The court finds no error was committed by the bankruptcy court in granting Skadden's final fee application. A fair reading of the record and the thorough and reasoned memorandum opinion and order demonstrates that the bankruptcy court properly considered and exercised its discretion to weigh the evidence. The challenged findings hinged, in part, on a credibility determination regarding the evidence presented to the bankruptcy court. As the trier of fact, the bankruptcy court was in a better position to evaluate the credibility of the witnesses than is this court. See In re Myers, 491 F.3d 120, 126 (3d Cir. 2007) ("The bankruptcy court is best positioned to assess the facts, particularly those related to credibility . . ."). Accordingly, the court defers to the bankruptcy court's factual findings, which are not clearly erroneous and are supported by the record. See DiFederico v. Rolm, 201 F.3d 200, 208 (3d Cir. 2000).

## B. Adoption of Findings of Fact and Conclusions of Law

Appellant's last issue is whether the bankruptcy court committed error in adopting findings of fact and conclusions of law, prior to discovery being conducted, affecting a related adversary case, *Radnor Holdings Corp. v. Skadden, Arps, Slate, Meagher & Flom LLP*. (*See* D.I. 2 at ¶ 4) Appellant discusses the issue in his reply brief (D.I. 16, ¶ III), but failed to argue the issue in his opening brief. Because appellant failed to clearly raise the foregoing issue in his opening brief, the court need not consider the issue. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); *accord United States v. Vas*, 497 F. App'x 203 n.4) (3d Cir. 2012) (unpublished) (appellate court stated that it need not consider issue addressed in reply brief when appellant failed to raise it clearly in the opening brief). Appellant waived this last issue by failing to address it in his opening brief, and it is not considered by the court.

## VI. CONCLUSION

For the reasons discussed, the bankruptcy court's June 20, 2013 order will be affirmed, and the appeal will be dismissed.

_____
UNITED STATES DISTRICT JUDGE

9